IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY CARNELL STARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1211-O |
| | § | |
| RICK THALER, | § | |
| Director TDCJ-CID, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 10) and Petitioner's Objections thereto (ECF No. 11) filed in accordance with 28 U.S.C. § 636(b)(1). After reviewing all matters of record in this case *de novo*, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Petitioner Rickey Carnell Starr ("Starr") filed a petition for writ of habeas corpus with this Court on June 26, 2009. *See* ECF No. 1. The petition was automatically referred to the United States Magistrate Judge. Petitioner alleges that he received ineffective assistance of counsel at both the trial and appellate levels during his state court criminal proceedings, and that his conviction was the result of prosecutorial misconduct. *See* Findings, Conclusions, and Recommendation ("FCR") 1-2, ECF No. 10. The Magistrate Judge recommends denying Starr's petition for writ of habeas corpus. *Id.* at 13. Petitioner objects to the Magistrate Judge's recommendation on seven grounds: 1) the Magistrate Judge failed to consider the evidence of prejudice in the trial court record and

1

deferred to the state court; 2) the Magistrate Judge failed to consider his argument that trial counsel failed to object to hearsay testimony in violation of his Sixth Amendment rights; 3) the Magistrate Judge failed to consider petitioner's argument that the testimony of the victim's wife was prejudicial, irrelevant, and should have been objected to in its entirety; 4) the Magistrate Judge failed to address the argument that trial counsel failed to object when the prosecutor injected harmful facts outside of the record in his closing argument; 5) the Magistrate Judge improperly analyzed the facts surrounding the prosecutor's improper jury arguments and the Magistrate Judge improperly found that the alleged instances of prosecutorial misconduct were procedurally barred; 6) the Magistrate Judge incorrectly found that petitioner's appellate counsel was effective; and 7) the cumulative effect of the mistakes in petitioner's trial triggers the cumulative effect doctrine. *See* Pet'r's Obj. 3-13, ECF No. 11.

## I. PROCEDURAL BACKGROUND

A Dallas County jury convicted petitioner of murder for the shooting death of Samuel Stevenson on December 11, 2003. *See* ECF No. 1. Petitioner was sentenced to life imprisonment. *See* FCR 1, ECF No. 10. The conviction and sentence were upheld on direct appeal. *Id.* Petitioner's application for post-conviction relief was denied without order by the Texas Court of Criminal Appeals. *Id.* Petitioner filed this petition on June 26, 2009. *See* ECF No. 1.

## II. LEGAL STANDARDS

### A. Standard of Review for Habeas Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the availability of federal habeas relief. *See* 28 U.S.C. § 2254(d). The AEDPA denies habeas relief for any claim adjudicated on the merits in State court unless the state court adjudication: "(1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding." *See id.*

Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite that reached by the United State Supreme Court on a question of law, or if that state court decides a case differently from the United States Supreme Court on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application of" clause, the AEDPA allows federal habeas relief if the state court properly identifies the governing legal standard as set out by the United State Supreme Court, but unreasonably applies that standard to the facts. *See Harrington v. Richter*, No. 09-587, 2011 WL 148587, at *10-11 (U.S. Jan. 19, 2011). .

      B. Ineffective Assistance of Counsel

"An ineffective assistance of counsel claim is evaluated under the standard announced in *Strickland v. Washington*." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). "A convicted defendant's claim that counsel's assistance was so defective as to require reversal . . . has two components." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* In order to show deficiency, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Second, the defendant must show that the deficient performance prejudice the defense." To show prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "Both prongs must be shown by a preponderance of the evidence." *Crane*, 178 F.3d at 312.

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. In evaluating counsel's performance, the court "must make every effort to 'eliminate the distorting effects of hindsight.'" *Crane*, 178 F.3d at 312 (quoting *Strickland*, 466 U.S. at 689). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691 (citing *United States v. Morrison*, 449 U.S. 361, 364-65 (1981)). "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. To prove prejudice, petitioner "must show a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "However, the mere possibility of a different outcome is not sufficient to prevail . . . [r]ather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* at 612-13 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

"A claim of ineffective assistance based on the failure to argue an issue on appeal is

governed by the familiar two-part *Strickland* test." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989). "[T]o be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *Phillips*, 210 F.3d at 348 (quoting *Strickland*, 466 U.S. at 688). "This reasonableness standard requires counsel 'to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention'" *Id.* (quoting *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999)).

## III. ANALYSIS

The Magistrate Judge found that Petitioner failed to prove either prong of his ineffective assistance of counsel claim as to both his trial and appellate counsel, and that Petitioner's allegations of prosecutorial misconduct were procedurally barred on independent state law grounds and were, regardless, without merit. *See* FCR, ECF No. 10. Accordingly, the Magistrate Judge recommended denying the petition for the writ of habeas corpus. *Id.* at 13. Petitioner generally re-asserts the same arguments made to the Magistrate Judge as objections to the Findings, Conclusions, and Recommendation. Petitioner objects to the Magistrate Judge's recommendation on seven grounds: 1) the Magistrate Judge failed to consider the evidence of prejudice in the trial court record and deferred to the state court; 2) the Magistrate Judge failed to consider his argument that trial counsel failed to object to hearsay testimony in violation of his Sixth Amendment rights; 3) the Magistrate Judge failed to consider petitioner's argument that the testimony of the victim's wife was prejudicial, irrelevant, and should have been objected to in its entirety; 4) the Magistrate Judge failed to address the argument that trial counsel failed to object when the prosecutor injected harmful facts outside

5

of the record in his closing argument; 5) the Magistrate Judge improperly analyzed the facts surrounding the prosecutor's improper jury arguments and the Magistrate Judge improperly found that the alleged instances of prosecutorial misconduct were procedurally barred; 6) the Magistrate Judge incorrectly found that petitioner's appellate counsel was effective; and 7) the cumulative effect of the mistakes in petitioner's trial triggers the cumulative effect doctrine. *See* Pet'r's Obj. 3-13, ECF No. 11. The Court will consider each of Petitioner's objections in turn.

### A. Ineffective Assistance of Trial Counsel Claim

Petitioner's first four objections center upon the Magistrate Judge's analysis of his ineffective assistance of trial counsel claim. *See id.* at 3-12.

#### 1. First Objection

Petitioner first contends that the Magistrate Judge inappropriately deferred to the state court's determination that trial counsel credibly testified as to his preparedness for trial. *See id.* at 3-5. Petitioner states that his trial counsel was still attempting to discover documents, specifically witness statements and other investigative documents, after *voir dire* had already commenced. *Id.* at 4. Petitioner contends that the statements were helpful and relevant, showing that Bill Handley and Tamica Jones would testify favorably for Petitioner. *Id.* Petitioner argues that Handley failed to identify petitioner in a photo-lineup prior to trial and that Jones purportedly saw petitioner leave the scene of the crime almost two hours before the shooting. *Id.* Petitioner contends that both witnesses would have bolstered his alibi that he was not at the scene of the crime. Petitioner's trial counsel, Mr. Tinsley, submitted an affidavit to the state court stating that from his investigation of facts before trial, it was determined that Handley and Jones would have testified adversely to Petitioner. *See* FCR 4-5, ECF No. 10. The state court found such testimony "worthy" and "credible." *Id.* Further, the state court found that regardless, there was no evidence that such testimony would have

6

been beneficial to Petitioner or that failure to present such testimony resulted in prejudice. *Id.*

"[F]ailure to present mitigating evidence does not per se demonstrate ineffective assistance of counsel." *Crane*, 178 F.3d at 314. In this case, "[t]rial counsel decided the evidence was potentially more harmful than helpful [and] [s]uch strategic decisions are given 'a heavy measure of deference.'" *Id.* at 315 (quoting *Mann v. Scott*, 41 F.3d 968, 984 (5th Cir. 1994)). Moreover, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 2011 WL 148587, at *13. The petitioner must "rebut the presumption of correctness by clear and convincing evidence." *See* 28 U.S.C. § 2254(e)(1). Both the *Strickland* and AEDPA standards are highly deferential "and when the two apply in tandem, review is 'doubly' so." *Harrington*, 2011 WL 148587, at *13 (quoting *Knowles v. Mirzayance*, 556 U.S. __, 129 S. Ct. 1411, 1420 (2009)).

Petitioner claims that his counsel did not retrieve and analyze relevant witness statements, which would have enabled him to call relevant witnesses. The state court, reviewing these exact allegations and facts, determined that trial counsel's statements regarding his preparedness were credible and that there was no evidence the witnesses would have testified in petitioner's favor. *See* FCR 5, ECF No. 10. The state court's factual determination is entitled to a presumption of correctness absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). Petitioner's assertions of potentially favorable testimony do not rise to the level of clear and convincing evidence. Indeed, Petitioner himself avers that he has presented just "some" evidence of how these potential witnesses might have testified. Moreover, given the deference to trial strategy mandated in *Strickland*, the decision not to call two witnesses who might testify adversely to his client's interests is certainly objectively reasonable trial strategy.

Accordingly, the Court finds that the Magistrate Judge gave the informed decisions of

Petitioner's trial counsel proper deference under *Strickland* and the AEDPA. Since Petitioner must prove "[b]oth prongs" of the *Strickland* standard to succeed on his ineffective assistance of counsel claim, the Court need not investigate Petitioner's allegations as to prejudice.

        2.        Second Objection

Petitioner next objects that the Magistrate Judge failed to consider his argument that his counsel failed to object to hearsay testimony in violation of his Sixth Amendment confrontation rights. *See* Pet'r's Obj. 5-8, ECF No. 11. Petitioner asserts that the Supreme Court's holding in *Crawford v. Washington*, 541 U.S. 36 (2004) applies retroactively to his case and that testimonial hearsay was improperly allowed in without objection from his trial counsel and to his detriment. *See* Pet'r's Obj. 5-6, ECF No. 11. Moreover, Petitioner argues that his trial counsel actually participated in eliciting the damaging testimony. *Id.* at 6. As noted by the Magistrate Judge, petitioner's trial counsel attempted to show that Glenn Baccus, a known drug dealer present at the time of the shooting, may have killed the victim in an attempt to bolster petitioner's alibi and create a reasonable doubt in the minds of the jurors. *See* FCR 6-7, ECF No. 10. The state court found that trial counsel employed a "reasonable trial strategy," which opened the door for the allegedly prejudicial testimony under Texas law. *Id.* at 8.

Petitioner's trial counsel chose to question Glenn Baccus regarding his statements to police following the murder in order to cast doubt on petitioner's guilt. *Id.* Trial counsel chose to bolster his client's alibi by offering the jury a potential shooter, with a noted criminal history, who had been present at the scene of the crime. *Id.* "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. Here, petitioner's trial counsel employed a

reasonable trial strategy. While that strategy ultimately allowed the introduction of the statements Petitioner claims were prejudicial, the court "must make every effort to 'eliminate the distorting effects of hindsight.'" *Crane*, 178 F.3d at 312 (quoting *Strickland*, 466 U.S. at 689). Trial counsel attempted to shift the blame to another criminal at the scene of the crime by questioning him. While in hindsight trial counsel might employ a different strategy, it was objectively reasonable at the time taken. As a result of this strategy, any objections to Baccus' testimony by trial counsel would have been without basis. *See* Tex. R. Evid. 107.

Accordingly, the Court finds that trial counsel acted in reasonably in questioning Baccus regarding his statement to police following the murder and had no basis to object to Baccus' subsequent testimony.

### 3. Third Objection

Petitioner third objects that the Magistrate Judge failed to consider his argument that the testimony of the victim's wife was prejudicial, irrelevant, and should have been objected to in its entirety. *See* Pet'r's Obj. 8-9, ECF No. 11. Petitioner contends that testimony by the victim's wife, Amelia, was both irrelevant and highly prejudicial. *Id.* at 8. Specifically, petitioner alleges that Amelia's testimony as to identity was irrelevant and outweighed by its prejudicial value. *Id.* At trial, Amelia testified at to her relationship with her husband, when his funeral was and identified him in a photograph, all without objection. *See* FCR 9, ECF No. 10. The state court held that the bulk of Amelia's testimony was admissible to identify the victim, and that trial counsel wisely refrained from objecting to a small portion of her testimony. *Id.* The testimony of the victim's wife was clearly relevant to identify the victim. The brief background information elicited from the prosecutor was relevant for context and timing. Identifying the victim with clarity is extremely probative and trial counsel's decision not to needlessly object to one portion thereof was objectively

9

reasonable. Petitioner's contention that the entirety of Amelia's testimony was irrelevant is without merit, as such identification testimony was a necessary part of the trial. The fact that such testimony was unfortunate for petitioner does not render it inadmissible or unduly prejudicial, nor does it render the decision of his trial counsel unreasonable. Moreover, petitioner's bald and unfounded assertions of bias do not rebut the deference accorded trial counsel under *Strickland*.

Accordingly, the Court finds that the Magistrate Judge appropriately analyzed trial counsel's response to Amelia's testimony.

4. Fourth Objection

Petitioner fourth objects that the Magistrate Judge failed to address his argument that trial counsel failed to object when the prosecutor injected harmful facts from outside of the record in his closing argument. *See* Pet'r's Obj. 9-10, ECF No. 11. Petitioner claims that in his closing, the prosecutor acted as if witness Veronica High had personal knowledge concerning petitioner's actions on the date of the murder, though she explicitly testified to the contrary. *Id.* at 9. Petitioner argues that the statements of the prosecutor were prejudicial, and failure to object constituted ineffective assistance of trial counsel. *Id.* The state court found that each argument presented by the prosecutor in his closing, including the statements regarding High, was an accurate summary of the evidence or a reasonable deduction therefrom. *See* FCR 9-10, ECF No. 10. The Magistrate Judge concluded that Petitioner failed to offer anything of substance capable of rebutting the presumption of correctness accorded state court rulings under the AEDPA. *Id.* at 10.

"The Court's task in reviewing a claim of prosecutorial misconduct is to decide whether the misconduct casts serious doubt upon the correctness of the jury's verdict." *United States v. Carter*, 953 F.2d 1449, 1457 (5th Cir. 1992). The misconduct must "rise to the level of plain error, *i.e.*, if the error is 'obvious, substantial, and so basic and prejudicial that the trial lacks the fundamental

elements of justice.'" *United States v. Laury*, 985 F.2d 1293, 1305 (5th Cir. 1993) (quoting *Carter*, 953 F.2d at 1460). "In making that determination, the Court is to consider: (1) the magnitude of the prejudicial effect of the statements; (2) the efficacy of any cautionary instructions; and (3) the strength of the evidence of the appellants' guilt." *Carter*, 952 F.2d at 1457. The Court must "initially decide whether or not the prosecutor made an improper remark." *United States v. Munoz*, 150 F.3d 401, 414 (5th Cir. 1998). "In the context of cross-examination, no misconduct can arise from a question asked for valid reason." *Id.* "In the context of closing argument, the prosecutor 'may not personally vouch for the credibility of a government witness, as doing so may imply that [he] has additional personal knowledge about the witness and facts that confirm the witness' testimony, or may add credence to such testimony.'" *Id.* (quoting *United States v. Washington*, 44 F.3d 1271, 1278 (5th Cir. 1995). However, a prosecutor is not prohibited from reciting to the jury "'those inferences and conclusions [he] wishes [the jury] to draw from the evidence so long as those inferences are grounded upon evidence.'" *Id.* (quoting *Washington*, 44 F.3d at 1278).

The Magistrate Judge carefully highlights the purportedly improper jury arguments, and then notes that Petitioner fails to offer any evidence sufficient to overcome the presumption that the state court came to the correct conclusion or the presumption that his trial counsel properly declined to object. Moreover, considering the evidence adduced at trial, the prosecutor drew logical inferences in his closing argument. The prosecution's theory of the case, based on the testimony of Veronica High, was that Petitioner asked multiple witnesses to perjure themselves on the stand. On that basis, the prosecutor cross-examined the witnesses regarding the truthfulness of their testimony and included a comparison of the witnesses in his closing. These questions and comments did not amount to error, plain or otherwise. Further, failure to object to these statements was not objectively unreasonable on the part of petitioner's trial counsel.

11

Accordingly, the Court finds that the Magistrate Judge properly found that trial counsel's failure to object to the prosecution's close did not amount to ineffective assistance of counsel.

B.   Prosecutorial Misconduct Claim

Petitioner's fifth objection constitutes a re-iteration of his prosecutorial misconduct argument. As noted above, the prosecutor's comments were entirely proper. They did not constitute error, but were the logical result of cross-examination and a trial strategy meant to call into question the validity of petitioner's alibi. On the basis of the proffered testimony, the prosecutor offered the different theories of the case to the jury and argued against petitioner's version of the facts.

Moreover, under Texas law, Petitioner's claims of prosecutorial misconduct were procedurally barred. *See* FCR 10, ECF No. 10. In *Ex Parte Gardner*, the Texas Court of Criminal Appeals held that claims capable of being argued on direct appeal are procedurally barred from being made for the first time in a state court collateral attack. 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). When a state court has denied collateral relief due to procedural default, federal courts are barred from considering the merits of such defaulted claims in a petition for writ of habeas corpus. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). The state court's opinion must plainly and clearly state the independent and adequate state-law grounds for the default. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982). "[T]he *Gardner* rule sets forth an adequate state ground capable of barring federal habeas review." *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005). Accordingly, the Court finds that the Magistrate Judge properly analyzed petitioner's claims of prosecutorial misconduct.

C.   Ineffective Assistance of Appellate Counsel

Petitioner sixth objects to the Magistrate Judge's recommendation to deny his claim of ineffective assistance of appellate counsel. *See* Pet'r's Obj. 12, ECF No. 11. Petitioner argues that

there are claims that are meritorious and stronger than the "weak, frivolous, factuall insufficiency" claim stated by petitioner's appellate counsel in his brief. *Id.* Petitioner fails to present any evidence or state any claims regarding such other theories. *Id.* Petitioner's contention fails to show that his appellate counsel was objectively unreasonable or in any way prejudiced petitioner.

Accordingly, the Court finds that the Magistrate Judge appropriately analyzed petitioner's claim for ineffective assistance of appellate counsel.

### D. Cumulative Error

Petitioner finally objects that, while he believes the errors stated above stand alone, the Magistrate Judge erred in denying that the cumulative effect of these errors at his trial amounted to a denial of his constitutional right to a fair trial. *See* Pet'r's Obj. 12, ECF No. 11. Under the cumulative error doctrine "an aggregation of non-reversible error . . . can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Munoz*, 150 F.3d 401, 418 (5th Cir. 1998). In this case, there is no evidence of any errors, even minor ones, in the trial record and certainly no evidence that petitioner was denied his constitutional right to a fair trial. Accordingly, the Court finds that the Magistrate Judge properly recommended denying Petitioner's claim for habeas relief on the grounds of cumulative error.

## IV. CONCLUSION

For foregoing reasons, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge. Accordingly, Petitioner Starr's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be and is hereby **DENIED**.

**SO ORDERED** on this **21st** day of **April, 2011.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**